## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Joseph Lokuta, III, individually and d/b/a Lokuta's Garage Corp.,** | : | **CIVIL ACTION NO. 3:23-cv-1617** |
| | : | **(JUDGE MANNION)** |
| **Plaintiff,** | : | |
| **v.** | : | |
| **Lena Angelella, David Slezak, Joseph Hawk, Stephen Rinaldi, and John Bonita,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

Presently before the court are Defendants' motion for sanctions, (Doc. 7), and motion to dismiss, (Doc. 9). Plaintiff provides towing services in Pittston Township Pennsylvania. Defendants are Pittston Township officials. Plaintiff alleges that Defendants have *inter alia* violated his constitutional rights by not hiring his towing services since 2019. Defendants argue that Plaintiff's claims are meritless, groundless, and frivolous warranting not only dismissal with prejudice but also sanctions against Plaintiff's counsel, Andrew J. Katsock, III. The court agrees with Defendants that Plaintiff has no constitutional right to provide towing services to Pittston Township, nor do Defendants have any constitutional obligation to hire Plaintiff's services. However, the court does not deem Mr. Katsock's conduct severe enough to

warrant sanctions. Accordingly, Defendants' motion for sanctions will be **DENIED** but their motion to dismiss will be **GRANTED** in its entirety.

## I.    Background

Plaintiff provides towing and other automotive services in and around Pittston Township Pennsylvania. At all relevant times Plaintiff's garage was licensed and appointed by the Pennsylvania Department of Transportation ("PennDOT") as an official motor vehicle emission inspection station. Plaintiff has also attained the designation of being "Wreck Master Certified" and has been voted "Best Tower in the Wyoming Valley" nearly every year since 2013.[1] Nonetheless, Plaintiff has not been called or otherwise hired by Pittston Township to provide any services since 2019. This is also despite Plaintiff's repeated attempts to be selected as the township's vehicle towing and impoundment service provider and the township needing such services on multiple occasions since 2019. Plaintiff alleges that the township's police chief, administrator, and two of its current and one former supervisor (collectively "Defendants") are solely responsible for the lack of service calls to him.

---

[1] Plaintiff does not say who awarded him these designations, how he earned them, and if they have any legal significance.

On September 28, 2023, Plaintiff filed a four-count complaint against Defendants alleging violations of his Fourteenth Amendment procedural and substantive due process rights, a violation of the Dormant Commerce Clause, and a pendant state law claim for "violation of public policy."  On January 3, 2024, Defendants issued a safe harbor notice to Mr. Katsock seeking withdrawal of his client's complaint pursuant to Federal Rule of Civil Procedure 11(c). On January 25, 2024, the safe harbor period expired without a response from Mr. Katsock and Defendants filed the present motion for sanctions. Subsequently on January 26, 2024, Defendants also filed the present motion to dismiss.

## II.    Legal Standard

Defendants' motion to dismiss is filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and their motion for sanctions is filed pursuant to Federal Rule of Civil Procedure 11.

### A. Rule 12(b)(6)

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P.12(b)(6). The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged

in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

When granting a motion to dismiss under Rule 12(b)(6) courts should generally give leave to amend but may dismiss a complaint with prejudice where leave to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). *See also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)) ("In determining whether

- 4 -

[amendment] would be futile, the district court applies the same standard of legal sufficiency as [it] applies under Fed. R. Civ. P. 12(b)(6)."

**B. Rule 11**

Rule 11 imposes an affirmative duty on an attorney and/or a party to conduct a reasonable inquiry into the factual and legal bases of all claims before filing any document with the court. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 551, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991); *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.,* 38 F.3d 1303, 1314 (3d Cir.1994).

In relevant part, Rule 11 provides:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by

existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically

so identified, will likely have evidentiary support after a reasonable

opportunity for further investigation or discovery ...

Fed. R. Civ. P. 11(b)(1)-(3). In other words, attorneys have an obligation to

"Stop, Think, Investigate and Research" before filing papers either to initiate

a suit or to conduct the litigation. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482

(3d Cir. 1987).

To determine whether a party or attorney has violated the duties of

Rule 11, the court must apply an objective standard of reasonableness under

the circumstances. *Mary Ann Pensiero, Inc. v. Lingle,* 847 F.2d 90, 92 (3d

Cir. 1988). *See also Brubaker Kitchens, Inc. v. Brown,* 280 F. App'x 174, 185

(3d Cir. 2008) ("It is well-settled that the test for determining whether Rule 11

sanctions should be imposed is one of reasonableness under the

circumstances, the determination of which falls within the sound discretion

of the District Court."). The Third Circuit has held that "[a]n inquiry is

considered reasonable under the circumstances if it provides the party with

"an 'objective knowledge or belief at the time of the filing of a challenged

paper' that the claim was well-grounded in law and fact." *Bensalem Twp.,* 38 F.3d at 1314.

Rule 11 authorizes a court "to impose an appropriate sanction" on an attorney and/or party found to have violated the obligations of the rule. Fed. R. Civ. P. 11(c)(1). Appropriate sanctions may include directives of a non-monetary nature, orders to pay a penalty into court, an award of attorney's fees and costs, or even dismissal of a case. *Gaiardo*, 835 F.2d at 482; Fed. R. Civ. P. 11(c)(4). Still Rule 11 sanctions are "intended to be used only in 'exceptional' circumstances." *Teamsters Local Union No. 430 v. Cement Express, Inc.,* 841 F.2d 66, 68 (3d Cir. 1988) (Rule 11 sanctions should be imposed "only if the filing of the complaint constituted abusive litigation or misuse of the court's process.") *See also Gaiardo,* 835 F.2d at 482 (While Rule 11 targets "abuse—the Rule must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute.")

Rule 11 violations by a party and/or attorney may be raised by the court on its own initiative or by motion. Fed. R. Civ. P. 11(c)(2) and (3). If a party chooses to bring a motion for sanctions under Rule 11, it must first serve the motion on the party and/or attorney against whom sanctions are sought and then wait at least 21 days after service before filing the motion with the court. Fed. R. Civ. P. 11(c)(2). This "safe-harbor" provision of Rule 11 permits the

allegedly offending party or attorney an opportunity to withdraw the challenged pleading. *Id.*

### III.    Discussion

Although Defendants' motion for sanctions was filed first the court will address their motion to dismiss to assess the merits or lack thereof of Plaintiff's complaint before analyzing the appropriateness of sanctions.

### A. §1983 Statute of Limitations

Defendants argue that all of Plaintiff's claims under 42 U.S.C. §1983 are barred by the statute of limitation. "Section 1983 has no statute of limitations of its own." *English v. City of Wilkes-Barre*, No. 22-2477, 2023 WL 2400698, at *1 (3d Cir. Mar. 8, 2023). "Rather, it borrows the state's statute of limitations for personal-injury torts." *Id*. "In Pennsylvania, that period is two years." *Id*. However, Federal law governs when a §1983 claim accrues. *Id*. "Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Doe v. City of Wilkes-Barre*, No. CV 3:19-938, 2021 WL 3674634, at *2 (M.D. Pa. Aug. 19, 2021).

Here Defendants argue that because Plaintiff alleges he has not been hired by Pittston Township to provide any services since 2019, his alleged injury occurred no later than December 31, 2019, or nearly four years prior

to the initiation of this action. As such Plaintiff's §1983 claims are barred by the applicable two-year statute of limitations. However, as Plaintiff points out in his reply brief Defendants ignore the allegation that his alleged injuries are continuing until present. 2019 is simply the year in which the alleged injury began. The core of Plaintiff's grievance is that he has not been hired to provide towing services for nearly four years not that he was not hired to provide towing services four years ago.

Nonetheless in their reply brief Defendants maintain that Plaintiff's §1983 claims are still time barred because he was aware of the injury at the time of its occurrence and the continuing violations doctrine does not extend the limitation period for the continual ill effects of the original violation. However, construing the complaint in the light most favorable to Plaintiff as the court is required to do on motion to dismiss, Plaintiff does allege that his injury merely began to occur in 2019 and concedes that his claims insofar as they are based on injuries suffered more than two years prior to the filing of his complaint (*i.e.*, before September 28, 2021) are time bared.

Furthermore, the continuing violations doctrine is "an equitable exception to the timely filing requirement." *Cowell v. Palmer Township,* 263 F.3d 286, 292 (3d Cir. 2001) (internal quotation marks omitted). Under the doctrine, "when a defendant's conduct is part of a continuing practice, an

action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Id.* (internal quotation marks omitted). Thus, Plaintiff's §1983 claims within 2 years of the filing of the complaint are timely because the alleged injury is from a continuing practice evidenced by actions or in this case inactions occurring through the present. Accordingly, Plaintiff's §1983 claims are not entirely time barred but they still substantively fail to state a plausible claim for relief.

### A. Procedural Due Process

Plaintiff's first §1983 claim is an alleged violation of his procedural due process rights. In order to make out a claim for a violation of procedural due process, a plaintiff must allege three elements: (1) that the defendant was acting under color of state law; (2) that the defendant deprived him of a property interest; and (3) the state procedures for challenging the deprivation did not satisfy the requirements of procedural due process. *Midnight Sessions, Ltd. v. City of Phila.*, 945 F.2d 667, 680 (3d Cir. 1991) (overruled on other grounds by *United Artists Theatre Circuit v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003))

Plaintiff adequately pleads that Defendants acted under color of state law, but he does not allege that he was deprived of any property interest.

- 10 -

"One alleging a property interest in a benefit protected by due process must go beyond showing an unsubstantiated expectation of the benefit." *Carter v. City of Philadelphia,* 989 F.2d 117, 120 (3d Cir. 1993). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* Thus, Plaintiff "must demonstrate entitlement to a property interest created expressly by state statute or regulation or arising from government policy or a mutually explicit understanding between a government employer and an employee." *Carter,* 989 F.2d at 120*.*

Here, Plaintiff's complaint does not reference or rely on any state statutes, regulations, or any other basis to support the bald assertion that he is entitled "to be contacted and appointed to provide towing and impoundment services to Pittston Township." Conversely Defendants highlight authority explicitly denying the existence of any such property right. *See Piecknick v. Com. of Pa.*, 36 F.3d 1250, 1256 (3rd Cir. 1994) (holding that towing provider did not have a constitutionally protected property interest

in providing towing services on state highway); *Luongo v. Pennsylvania State Police*, 156 F. Supp. 3d 599, 607 (E.D. Pa. 2016) (holding that towing company did not have any protected property interest in remaining on police's list of approved towing and salvage service providers).

Plaintiff does not even attempt to distinguish these cases in his brief in opposition. Instead, he claims to have a protected property interest in his garage's license and appointment by PennDot as an official motor vehicle inspection station, and still maintains that he has a right to provide towing and impoundment services to Pittston Township. As to the former interest Plaintiff does not in any way plead that Defendants interfered with his ability to inspect vehicles. As to the latter interest Plaintiff cites two Supreme Court cases completely out of context to claim that the Constitution protects "non-possessory use and the right to exclude" as well as "any significant property interest." *See Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 435 (1982); *Fuentes v. Shevin*, 407 U.S. 67, 86 (1972). Even if these were correct characterization of the cases –they are not—they do not change the fact that Plaintiff does not plead the right to exclude others from providing towing services to Pittston Township let alone even an insignificant property interest in the same. Accordingly, Plaintiff has failed to plead a plausible

procedural due process violation and the court will dismiss that claim with prejudice because any amendment to it would be futile.

### B. Substantive Due Process

Plaintiff's second §1983 claim is an alleged violation of his substantive due process rights. To establish a substantive due process claim, "'a plaintiff must prove [1] the particular interest at issue is protected by the substantive due process clause and [2] the government's deprivation of that protected interest shocks the conscious.'" *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)). Here Plaintiff does not provide even a specter of proof that the particular interest at issue is protected by substantive due process, nor does he even argue that the alleged deprivation of that (nonexistent) right shocks the conscience.

Substantive due process rights are those rights which are "fundamental" under the Constitution. *Nicholas v. Pennsylvania State University,* 227 F.3d 133, 139–141 (3d Cir. 2000). A "fundamental right" must be either enumerated in the Bill of Rights or "deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty." *Washington v. Glucksberg*, 521 U.S. 702, 720-21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997) (quotations and citations omitted).  Individuals have the

right to work for a living in the common occupations of the community, but "[i]t is the liberty to pursue a calling or occupation, and not the right to a specific job, that is secured by the Fourteenth Amendment." *See Piecknick*, 36 F.3d at 1259–60 (internal quotations and quotation marks omitted).

There is not one allegation in Plaintiff's complaint that even implies Defendants' actions have excluded him from continuing to provide towing services to other customers. In fact, Plaintiff pleads that he has continued to be voted "Best Tower in the Wyoming Valley" despite Defendants' actions. Likewise, courts in analogous cases have confirmed that there is no right to be hired to provide specific towing services even when the alleged deprivation of that right impacts a plaintiff's business. *See Luongo v.* 156 F. Supp. 3d at 608 n.5 ("Even construing every allegation in the Complaint in the light most favorable to Plaintiffs, the Court cannot find any legal entitlement, protected by the Due Process Clause, to Plaintiffs' remaining on the Approved List [of towers].) Accordingly, Plaintiff has failed to plead a plausible substantive due process violation and the court will dismiss that claim with prejudice because any amendment to it would be futile.

## C. Commerce Clause

Plaintiff's third §1983 claim is based on the Dormant Commerce Clause, under which he also seeks a declaratory judgment that Defendants'

refusal to hire his towing services is unconstitutional. In determining whether a state regulation is prohibited by the Dormant Commerce Clause, courts apply a two prong test in which they first determines whether the state regulation impermissibly discriminates against interstate commerce, and if the answer is affirmative, then the regulation violates the dormant commerce clause; however, if the answer is negative, courts then ask if the incidental burdens imposed on interstate commerce are excessive in relation to the putative local benefits, and if the answer is affirmative, then the regulation violates the commerce clause but if answer is negative, then there is no dormant commerce clause violation. *See generally, Pike v. Bruce Church,* 397 U.S. 137, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970). Regardless the Dormant Commerce Clause does not apply to "activities taking place exclusively within the State's borders." *See Am. Trucking Associations, Inc. v. Michigan Public Service Com'n*, 545 U.S. 429, 434 (2005) (finding tax on purely local activity does not implicate interstate traffic or violate the Commerce Clause).

Here the disputed activities not only occurred exclusively within the borders of Pennsylvania but also exclusively within the borders of Pittston Township. In his complaint Plaintiff does not allege that in-state and out-state economic interests were treated differently. He argues that Defendants' refusal to hire his services has resulted in irreparable harm to both in-state

and out-of-state residents, because of Pittston Township's proximity to Interstate 81 and the Northeast Extension of the Pennsylvania Turnpike. However, Plaintiff does not offer a single case cite in support of this argument, nor does he explain how travelers on nearby interstates, have been injured let alone irreparably harmed by Defendants' actions.

There is no allegation in the complaint that Defendants have in anyway stopped interstate travelers who want their vehicles towed by Plaintiff from calling him. Plaintiff does not even plead that at any point since 2019 Defendants have hired anyone else to tow an interstate traveler's vehicle. Moreover, even if interstate travelers were irreparably harmed by the conduct alleged herein Plaintiff does not have standing to sue or seek declaratory relief on their behalf. Accordingly, Plaintiff has failed to plead a plausible claim under the Dormant Commerce Clause and the court will dismiss that claim including its request for declaratory relief with prejudice because any amendment to it would be futile.[2]

---

[2] Since Plaintiff does not plausibly plead an underlying constitutional violation, he also cannot plead a claim for *Monell* liability. *See Monell v. N.Y. City Dep't. of Soc. Servs*., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978). (A successful *Monell* claim must establish: "(1) an underlying constitutional violation; (2) a policy or custom attributable to the municipality; and (3) that the constitutional violation was caused by the municipality's policy or custom.")

### D. State Public Policy

In addition to claims under §1983 Plaintiff also asserts a pendent state law claim for "violation of public policy." A court "may decline to exercise supplemental jurisdiction [over state law claims] if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3). Since the court will dismiss all of Plaintiff's federal claims, the court will decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claim.

### E. Rule 11 Sanctions

Based on the aforesaid Defendants argue that Plaintiff's claims are meritless, groundless, and frivolous and their refusal to withdraw the same constitutes sanctionable conduct under Rule 11. Conversely Plaintiff argues that the issues raised herein are at the "forefront of towing controversies" and Defendant's motion for sanctions is premature. He further asserts that Defendants' motion for sanctions is an impermissible motion to strike under Rule 12(f)(2) and intended "to chill Plaintiff's attorney's enthusiasm and creativity."

Plaintiff tries to connect his case to two other cases involving towing companies where this court recently denied motions to dismiss. *See Toyota Motor Credit Corp. v. Borough of Wyoming, PA*, No. 3:23-CV-00377, 2023

WL 7412941, at *1 (M.D. Pa. Nov. 9, 2023); *VW Credit Leasing LTD. v. Lackawanna Cnty.*, No. CV 3:23-00378, 2023 WL 7549183, at *1 (M.D. Pa. Nov. 13, 2023). However, in those cases towing companies were sued for allegedly towing vehicles on behalf of local governments without proper due process. Here a towing company is suing a local government for not hiring it to tow vehicles on that local government's behalf without proper due process. As such those cases are the factual inverse of the present case and provide no useful legal analogy to it. A reasonable attorney reading only the captions of these cases should have known that they are distinguishable from the present case and that it is disingenuous to categorize them as part of the same controversy.

Likewise, Defendant's motion for sanctions is not premature. As Defendants point out Third Circuit precedent requires litigants to file their motions under Rule 11 prior to the entry of a final judgment and "[w]here appropriate such motions should be filed at an earlier time as soon as practicable after discovery of the Rule 11 violation." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F. 2d 90, 92 (3d Cir. 1988). *See also Barley v. Fox Chase Cancer Ctr.*, 54 F. Supp. 3d 396, 401 (E.D. Pa. 2014) ("Given the "safe harbor" provisions, "a party cannot delay serving its Rule 11 motion until conclusion of the case.")

Plaintiff is also not entitled to amend his complaint before the imposition sanctions because the safe harbor period under Rule 11 has already expired. *See Jackson. v. Rohm & Haas Co.*, No. CIV.A. 05-4988, 2006 WL 680933, at *4 (E.D. Pa. Mar. 9, 2006), *aff'd*, 366 F. App'x 342 (3d Cir. 2010). ("The safer harbor specified in Rule 11 provides an adequately generous 21-day opportunity for offending parties to repent, and there is no good reason to go beyond the language of the Rule to enlarge that opportunity.") Here Defendants filed their motion for sanctions ahead of the disposition of their motion to dismiss, which they correctly anticipated would serve as a final judgment in this case. As such Defendants' motion for sanctions was not premature. A reasonable attorney should have known that given the procedural posture of this case the present motion for sanctions was timely filed.

As to the assertion that Defendants motion for sanction is an impermissible motion to strike under Rule 12(f)(2), Defendant's motion is not seeking to remove an insufficient defense or scandalous matter but dismiss Plaintiff's complaint in its entirety as frivolous. Thus, it is clearly not a motion to strike and Rule 12(f)(2) is inapplicable. As to the argument Defendants are trying to stifle Mr. Katsock's enthusiasm and creativity, the protection of an

attorney's innovation and industry (to the extent it exists in this Circuit)[3] does not extend to arguments like those advanced here that have absolutely no chance of success under existing precedent. *See Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) (Rule 11 sanctions do not stifle an attorney's enthusiasm or creativity where it is patently clear their arguments have absolutely no chance of success under existing precedent.) A reasonable lawyer should have recognized from the onset that Plaintiff's alleged injuries do not support a plausible legal claim in federal court and never wasted his clients' time and money–not to mention the money of Pittston Township's taxpayers—by filing this lawsuit.

Nonetheless, the court does not deem Mr. Katsock's conduct severe enough to warrant sanctions. As noted above Rule 11 sanctions are intended only for exceptional circumstances. While a reasonable investigation should have revealed to Mr. Katsock that the claims he filed are not supported by existing law, his pleadings do not necessarily indicate abusive litigation or misuse of the court's process. Thus, the court considers dismissal of those pleadings with prejudice sufficient punishment here. Still since this is not the

---

[3] Plaintiff only cites out of circuit authority to support the argument that Rule 11 sanctions should be denied where they may stifle the subject attorney's enthusiasm.

first time Mr. Katsock has been the subject of a motion for sanctions the court wants to remind him of his duties under Rule 11.

By the court's count this is the third time in less than 10 years that a motion for sanctions has been filed against Mr. Katsock in this court alone. In both prior instances these motions were denied. *See Babyage.com, Inc. v. Ctr. for Env't Health*, 90 F. Supp. 3d 348, 358 (M.D. Pa. 2015) (Mariani, J.) (Declining to sanction Mr. Katsock for filing an unsubstantiated Dormant Commerce Clause claim beyond dismissal of that claim); *BNB Hana Bank Nat'l Ass'n v. Red Mansion LLC*, No. 3:14-CV-01664, 2015 WL 9480030, at *3 (M.D. Pa. Dec. 29, 2015) (Caputo, J.) (Declining to sanction Mr. Katsock for asserting that Monroe County is not the Middle District of Pennsylvania where Mr. Katsock acknowledged that he was confused and made a "good-faith mistake.")

However, it does not appear that Mr. Katsock has learned from these mistakes. Declining to award sanctions against him for one frivolous Dormant Commerce Clause claim was a not license for Mr. Katsock to again file such a claim. Moreover, in this particular case, Mr. Katsock despite receiving Defendants' safe harbor notice and seeing the weight of authority presented against his arguments, has refused to recognize the frivolousness of the case. As such the court strongly warns Mr. Katsock to remember his

- 21 -

Rule 11 obligation to "Stop, Think, Investigate and Research" before he files another case. If Mr. Katsock does not change his behavior and continues to file frivolous complaints, future courts will have no other choice but to sanction him and consider referral to the Bar Association for disciplinary action.

### IV.    Conclusion

Based on the aforesaid Defendants' motion for sanctions will be **DENIED** but their motion to dismiss will be **GRANTED** in its entirety. Plaintiff's complaint will be **DISMISSED** with prejudice. An appropriate order follows.

_s/ Malachy E. Mannion_
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 10, 2024**
23-1617-01

- 22 -